IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | No. 2:98-CR-006 |
| ) | |
| KEITH LINTON ) | |

## **O R D E R**

The defendant has filed a second motion for sentence reduction pursuant to 18 U.S.C. § 3582(c) [doc. 470], to which the government has filed a response [doc. 472]. The Probation Office has provided a Memorandum Regarding Retroactivity. For the reasons that follow, the defendant's motion will be granted.

I.

*Procedural History*

Following a jury trial, the defendant was sentenced on March 8, 1999, by the Honorable Thomas G. Hull to 360 months in prison for seven counts related to a conspiracy to distribute crack cocaine. This sentence was based on a guideline range of 360 months to life. Under the 1998 version of the sentencing guidelines, the defendant's base offense level was 38, corresponding to a drug quantity of 1.5 kilograms or more of crack cocaine. The total offense level was 42 due to a four-level leadership role adjustment, and the criminal history category was II.

In response to the defendant's objections to his presentence report, Judge Hull entered an order on March 19, 1999, finding by a preponderance of the evidence that the

defendant "should be held accountable for 1505.55 grams of crack cocaine or more than 1.5 kilograms of crack cocaine . . . ." [Doc. 300]. Judge Hull further found that "this estimate grossly underestimates the actual amounts" that the defendant was accountable for because it did not include quantities directly distributed by the defendant and certain coconspirators.[1]

In March 2008, the defendant filed a *pro se* motion for sentence reduction pursuant to section 3582(c) and the 2007 crack cocaine guideline amendment [doc. 417]. Under that retroactive amendment, the base offense level for at least 1.5 but less than 4.5 kilograms of crack cocaine was reduced from 38 to 36. The court granted the motion [doc. 449]. With continued application of the leadership adjustment, the defendant's total offense level dropped from 42 to 40 and his advisory guideline range became to 324 to 405 months. The court reduced the defendant's sentence to 324 months.

Turning to the present motion, the 2011 guideline amendment further decreased the advisory sentencing ranges for crack cocaine. In relevant part, the base offense level is now 34 for defendants responsible for at least 840 grams but less 2.8 kilograms. For defendants responsible for at least 2.8 but less than 8.4 kilograms, the base offense level remains 36.

---

[1] Understandably, Judge Hull did not labor to make additional quantity findings above 1.5 kilograms. Under the 1998 guidelines, 1.5 kilograms was the threshold for the highest crack cocaine base offense level. Further findings at that time would have appeared unnecessary.

2

II.

*Analysis*

The primary issue now before the court is whether the defendant can be found accountable for at least 2.8 kilograms of crack cocaine. If he can, then the 2011 guideline amendment is of no benefit to him because his base offense level remains 36. If, however, the defendant cannot be found accountable for at least 2.8 kilograms, then the base offense level would drop to 34 and he would be eligible for further sentence reduction.

To resolve the issue, the undersigned would ordinarily be required to examine the record available to Judge Hull at the time of sentencing. *See United States v. Valentine*, 694 F.3d 665, 670 (6th Cir. 2012).

> If the record indicates that there was a finding of a specific quantity of drugs, either because the original sentencing judge made a specific finding or because the defendant admitted to a specific quantity, then the modification court must use that quantity . . . . However, if the record does not reflect a specific quantity finding but rather a finding or a defendant's admission that the defendant was responsible for "at least" or "more than" a certain amount, then the modification court must make supplemental findings based on the available record to determine if applying the retroactive amendment lowers the Guideline range.

*Id.* (citations omitted).

However, in its response, "the United States concedes that it would be unable to prove to this Court, by a preponderance of the evidence, that defendant was responsible for at least 2.8 kilograms of crack cocaine." [Doc. 472, p.3 n.2]. The court will therefore

3

apply a base offense level of 34 under the 2011 crack cocaine guideline amendment, corresponding to a quantity of at least 840 grams but less than 2.8 kilograms. With the leadership adjustment, the defendant's total offense level is now 38. His criminal history category remains II. His advisory guideline range is now 262 to 327 months.

### III.

*Conclusion*

Neither the government nor the Probation Office has identified any reason why the defendant should not be granted a reduction in his sentence. The court has reviewed the documentation attached to the defendant's motion, along with the Probation Office's Memorandum Regarding Retroactivity, and finds the motion well-taken. Therefore, it is hereby **ORDERED** that the defendant's motion for sentence reduction pursuant to 18 U.S.C. § 3582(c) [doc. 470] is **GRANTED**, and his sentence is reduced to **262 months**.

Except as provided above, all provisions of the judgment dated March 23, 1999, shall remain in effect.

ENTER:

s/ Leon Jordan
United States District Judge

4