UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | No.: 2:98-CR-006 |
| | ) | |
| KEITH LINTON | ) | |

## **MEMORANDUM AND ORDER**

This criminal case is before the court on the defendant's motion for sentence reduction [doc. 485]. Through counsel, the defendant seeks a lowered sentence pursuant to 18 U.S.C. § 3582(c)(2) and in accordance with Amendments 782 and 788 to the United States Sentencing Guidelines Manual ("U.S.S.G."). The prosecution has responded [doc. 487], deferring to the court's discretion whether and to what extent to grant any such reduction, subject to the limitations of 18 U.S.C. § 3582(c)(2) and U.S.S.G. § 1B1.10.

**I.  Authority**

"Federal courts are forbidden, as a general matter, to modify a term of imprisonment once it has been imposed, but the rule of finality is subject to a few narrow exceptions." *Freeman v. United States*, 131 S. Ct. 2685, 2690 (2011) (internal citation and quotation marks omitted). One such exception is identified in 18 U.S.C. § 3582(c)(2):

> [I]n the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission . . . , the court may reduce the term of imprisonment, after considering the factors set forth in [18 U.S.C.] section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

If the court finds a defendant eligible for sentence reduction, "[t]he court may then 'consider whether the authorized reduction is warranted, either in whole or in part, according to the factors set forth in § 3553(a).'" *United States v. Thompson,* 714 F.3d 946, 949 (6th Cir. 2013) (quoting *Dillon v. United States*, 560 U.S. 817, 826 (2010)).

In determining whether a defendant has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission, the court must first identify "the amended guideline range that would have been applicable to the defendant had the relevant amendment been in effect at the time of the initial sentencing." *Dillon*, 560 U.S. at 827 (internal quotation marks and citation omitted); *see also* U.S. Sentencing Guidelines Manual § 1B1.10(b)(1) (2014). Amendment 782, which became effective on November 1, 2014, revised the guidelines applicable to drug-trafficking offenses by reducing the offense levels assigned to the drug and chemical quantities described in guidelines 2D1.1 and 2D1.11. *See* U.S. Sentencing Guidelines Manual app. C, amend. 782 (2014). Amendment 788, which also became effective on November 1, 2014, identified Amendment 782 as retroactive. *See id.*, amend. 788.

Other than substituting Amendment 782 for the corresponding provision applicable when the defendant was originally sentenced, the court "shall leave all other guideline application decisions unaffected." *See id.* § 1B1.10(b)(1) (2014). The court "shall not" reduce a defendant's term of imprisonment to a term "less than the minimum of the amended guideline range," nor to a term "less than the term of imprisonment the

defendant has already served." *Id.* § 1B1.10(b)(2)(A), (C).[1] In addition, the commentary to guideline 1B1.10 provides that a court must also consider the § 3553(a) sentencing factors and the danger to the public created by any reduction in a defendant's sentence. *See id.* cmt. n.1(B). A court may further consider a defendant's post-sentencing conduct. *See id.*

## II. Factual Background

Following a jury trial, the defendant was sentenced on March 8, 1999, by the Honorable Thomas G. Hull to 360 months in prison on seven counts related to a conspiracy to distribute crack cocaine. This sentence was based on a guideline range of 360 months to life. Under the 1998 version of the sentencing guidelines, the defendant's base offense level was 38, corresponding to a drug quantity of 1.5 kilograms or more of crack cocaine. The defendant's total offense level was 42 due to a four-level leadership role adjustment, and his criminal history category was II.[2]

In March 2008, the defendant filed a pro se motion for sentence reduction pursuant to section 3582(c) and guideline amendment 706 [doc. 417]. Under that retroactive amendment, the base offense level for at least 1.5 but less than 4.5 kilograms of crack cocaine was reduced from 38 to 36. The court granted the motion [doc. 449]. With

---

[1] Guideline 1B1.10 provides one exception to the rule that a defendant may not receive a sentence below the amended guideline range—namely, if the defendant originally received a below-guideline sentence "pursuant to a government motion to reflect the defendant's substantial assistance to authorities." *Id.* § 1B1.10(b)(2)(B). The government did not file a substantial assistance motion as to this defendant.

[2] According to both parties, the defendant was (and remains) subject to a 240-month mandatory minimum sentence. That is not correct. The defendant was (and remains) subject to a <u>120-</u>month mandatory minimum sentence. *See* Presentence Investigation Report, p.1, 10.

3

continued application of the leadership adjustment, the defendant's total offense level dropped from 42 to 40 and his advisory guideline range became to 324 to 405 months. The court reduced the defendant's sentence to 324 months.

In November 2013, the defendant filed a second motion for sentence reduction pursuant to section 3582(c) and guidelines Amendment 750 [doc. 470]. The court granted that motion, finding the defendant responsible for at least 840 grams but less than 2.8 kilograms of crack cocaine [doc. 473]. Applying Amendment 750, the defendant's total offense level dropped from 40 to 38 and his advisory guideline range became to 262 to 327 months. The court reduced the defendant's sentence to 262 months. According to the Bureau of Prisons, the defendant is presently scheduled for release on September 1, 2016.

Applying Amendment 782, the defendant's new guideline range is 210 to 262 months, based on a total offense level of 36 and a criminal history category of II. Thus, the defendant was originally sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission.

The court has considered the filings in this case, along with the relevant 3553(a) factors. Additionally, the court has considered the danger to the public as the result of any reduction in the defendant's sentence, the seriousness of the defendant's offense, the defendant's post-sentencing conduct, and the need to protect the public. *See id.* § 1B1.10 cmt. n.1(B)(ii), (iii). Having done so, the court finds that the defendant should be granted a sentence reduction.

## IV. Conclusion

For the reasons stated herein, the defendant's motion [doc. 485] is **GRANTED**. The defendant's term of imprisonment is reduced to **210 months**. If this sentence is less than the amount of time the defendant has already served, the sentence shall instead be reduced to "time served." *See id.* § 1B1.10(b)(2)(C).

Except as provided above, all provisions of the judgment entered March 23, 1999, shall remain in effect. **The effective date of this order is November 2, 2015**. *See id.* § 1B1.10(e)(1).

**IT IS SO ORDERED.**

ENTER:

s/ Leon Jordan
United States District Judge